jured. *Alexander v. Sagehorn*, 600 S.W.2d 198, 201[4] (Mo.App.1980).[2]

██ The Wions do not claim that they were misled and injured by reliance on a false opinion of value asserted as fact. Nor do they claim that any of the representations, either of opinion or fact, made to them by Yancey were untrue.[3] They claim only that the representations were *equivalent* to an opinion of the value of the home given the efficacy of material fact, and so, an opinion on which they had the right to rely. There was no untrue representation proved *prima facie*, and a true representation cannot be made the basis of fraud. *Grindley v. Blankenship*, 671 S.W.2d 393, 395[1] (Mo.App.1984). Nor was there any expression of opinion by Brown and Company to the Wions that the house was worth the $69,500 purchase price to invest as an implied representation of material fact.

We have as an incident of this adjudication determined that the element of falsity was not proven as to any representation. We need not address the failures of proof on the elements of reliance, right to rely and damages that Brown and Company insistently argues from the evidence. The Wions failed to prove a submissible case.

The entry of judgment for the defendant Brown and Company notwithstanding the verdict for the Wions is affirmed.

2. The full reach of that rule of liability is given in Restatement (Second) of Torts § 542 (1976):

**Opinion of Adverse Party**

The recipient of a fraudulent misrepresentation of the maker's opinion is not justified in relying upon it in a transaction with the maker, unless the fact to which the opinion relates is material, and the maker

(a) purports to have special knowledge of the matter that the recipient does not have, or

(b) stands in a fiduciary or other similar relation of trust and confidence to the recipient, or

(c) has successfully endeavored to secure the confidence of the recipient, or

(d) has some other special reason to expect that the recipient will rely on his opinion.

Our decisions are in accord with this statement of principle. *See, e.g. Stonemets v. Head,* 248 Mo. 243, 154 S.W. 108, 114[8] (1913); *Collins v. Lindsay,* 25 S.W.2d 84, 90[8, 9] (Mo.1930); *Shepherd v. Woodson,* 328 S.W.2d 1, 7[6] (Mo. 1959) and *Alexander v. Sagehorn,* 600 S.W.2d 198, 201[4] (Mo.App.1980).

All concur.

MANFORD, J., did not participate in the decision of this case due to his death on February 12, 1991.

**Dale Edward PENCE, Appellant,**

v.

**Karen Dana PENCE, Respondent.**

**No. WD 43560.**

Missouri Court of Appeals, Western District.

May 21, 1991.

Christopher W. Dorrance, Lexington, for appellant.

Roger M. Driskill, Richmond, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

3. The evidence does not dispute that a separate appraisal by the Wions would have no bearing on the approval of the loan. That representation, whatever its quality as opinion or fact, became irrelevant in any event because the loan was approved by the FHA appraiser in the amount needed for the purchase of the home. The approval and grant of the loan, moreover, proved the truth of the representation that the FHA loan would not be approved and the contract would be void if the FHA appraisal was for less than the purchase price. Nor does the evidence undertake to dispute that the appraiser found no "major damage" to the property—the other condition represented to the Wions that would prevent the issuance of the loan in the amount of the purchase price. A party who claims damage from reliance on a fraudulent representation must establish each of the elements by clear and convincing evidence. *Centerre Bank v. Bliss,* 765 S.W.2d 276, 284[2] (Mo. App.1988).

957

ORDER

The judgment is affirmed. Rule 84.16(b).

PER CURIAM:

Dale Edward Pence appeals from judgment sustaining motion to modify child support.

